UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60447-Civ-SCOLA

OCEAN VIEW TOWERS
ASSOCIATION, INC.

    Plaintiff,

v.

QBE INSURANCE CORP.,

    Defendant.
_____/

**ORDER ON QBE INSURANCE CORPORATION'S MOTION
FOR RECONSIDERATION OF PORTION OF ORDER ON
CROSS MOTIONS FOR SUMMARY JUDGMENT [ECF No. 78]**

THIS MATTER is before the Court QBE Insurance Corporation's ("QBE") Motion for Reconsideration of Portion of Order on Cross Motions for Summary Judgment.  The Court has carefully considered the Motion, and is otherwise fully advised in this matter.  For the reasons more fully set forth below, the Court concludes that the Motion should be denied.

    This case arises from windstorm damage sustained by Ocean View to its condominium towers during Hurricane Wilma in October 2005.  Both parties filed motions for summary judgment and, on December 22, 2011, the Court entered its Order Granting in Part Ocean View's Corrected Motion for Summary Judgment and QBE's Motion for Partial Summary Judgment (ECF NO. 66).

    After appearing at a calendar call on December 27, 2011 and announcing ready for trial and after being told the case was the number one case for trial on Tuesday, January 3, 2012 at 9:00 a.m., QBE filed this motion on Friday afternoon, December 30, 2011.  In its Motion for Reconsideration, QBE takes no issue with the court's ruling granting its motion for summary judgment in part.  QBE claims, however, that the court's order granting Ocean View's Corrected Motion on QBE's second and third affirmative defenses - which are premised on Ocean View's alleged failure to comply with the policy's post-loss obligations prior to filing this law suit – was

wrongly decided. In support of its Motion for Reconsideration, QBE cites numerous opinions from the Southern District of Florida in cases involving *this very same Defendant* -- none of which were cited by QBE in its Response to the Corrected Motion for Summary Judgment. It boggles the mind to consider how QBE could not be aware of opinions *in its own cases* from the same federal district court and yet not cite those cases until after receiving an adverse ruling from the court.

QBE argues reconsideration is warranted based upon "manifest error" because the Court failed to consider certain decisions that, according to QBE, require insureds to submit supplemental claims and allow for investigation by the insurer before suit may be brought. The court finds that the cited decisions are inapposite. Each of them concerned requests for appraisal and declaratory relief, and their decisions were tethered to the nature of the relief requested and the specific policy language appearing in the appraisal section of the insurance contract. Ocean View does not seek an appraisal and has not asked for declaratory relief. Instead, Ocean View has filed suit for breach of contract. QBE cites no decision holding that the insured must submit a supplemental claim before bringing suit where, as here, the insured alleges breach of contract and has not sought an appraisal or declaratory relief as to coverage under the policy. QBE cannot establish "manifest error" by directing the Court to case authorities that are not on-point. In *Horizons Condominium Ass'n, Inc. v. QBE Ins. Corp.,* 2007 WL 294230 (No. 6:06-cv-418-Orl-19JGG), Chief Judge Patricia Fawsett of the Middle District of Florida denied a motion to dismiss filed by QBE based upon its claim that the plaintiff had failed to comply with the policy's post-loss obligations prior to filing this law suit. That case involved a breach of contract action, not an action for declaratory relief or appraisal.

QBE also cannot demonstrate any "manifest error" because, in this case, the Court simply followed the plain language of the policy. The Court reached the conclusion that Ocean View complied with its post-loss duties, despite the fact that Ocean View never submitted a supplemental claim before filing suit, because nothing in the policy's plain language required Ocean View to do anything more than provide the initial notification of the "loss," which it unquestionably did in the days after Hurricane Wilma. That QBE failed to fully exercise its investigatory rights cannot be blamed on Ocean View or this Court. Although QBE argues that "the Court's order essentially abolishes the concept of a supplemental claim," *see* Mot. at 7, this is hyperbole. The Court followed the law and interpreted the unambiguous policy terms

according to their plain meaning. If QBE is unsatisfied with this result, it can only blame itself. If QBE wanted to ensure a contrary result, it should have included a provision in its policies expressly requiring insureds to submit supplemental claims as a prerequisite to bringing suit. It failed to do so, and this Court will not rewrite the policy for QBE after the fact.

Even if all of this were not so, QBE still would not be entitled to reconsideration. The very case QBE cites for the legal standard makes clear that reconsideration is appropriate only in very limited circumstances, such as "where, for example, the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). Here, the Court has not misunderstood QBE; it simply disagrees with QBE's arguments. QBE does not argue that there has been any relevant intervening change in law, and the Court is not aware of any. And, there is no "manifest injustice" here. Requiring QBE to live with, and abide by, the bargain that it made with Ocean View in the insurance contract does not approach an "injustice" of any sort.

Further, in order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *See id.* (citation omitted). Much of QBE's Motion is devoted to raising arguments it has already made. Indeed, in responding to Plaintiff's Motion for Summary Judgment, QBE presented variations of the same arguments under *U.S. Fidelity & Guaranty Co. v. Romay*, 744 So. 2d 467 (Fla. 3d DCA 1999), and *Galindo v. ARI Mutual Insurance Co.*, 203 F.3d 771 (11th Cir. 2000). Even though the Court did not discuss those cases in its Summary Judgment Order, it has already considered and rejected them and their concomitant arguments. The Court need not discuss every case cited by the parties especially where the cases address different factual and legal issues. What time QBE does not devote to rehashing arguments previously made, it spends making arguments it could have presented, but never did. For instance, unlike the cases to which QBE cites, QBE never made a justiciability or ripeness argument based upon Ocean View's alleged failure to satisfy preconditions to suit. Nor did it seek to stay or dismiss this litigation at

any point on that basis.  Such arguments, even if they were applicable here (and the Court does not find them so), would be deemed waived.

In sum, QBE fails to show that it is entitled to reconsideration based upon any "manifest error" in the Court's Summary Judgment Order.  Instead, the Motion does no more than demonstrate that QBE disagrees with the Court's decision.  That will not do here; "it is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through -- rightly or wrongly."  *See id.* (citation and alterations omitted)

## **CONCLUSION**

It is hereby **ORDERED and ADJUDGED** that QBE's Motion for Reconsideration [ECF No. 78] is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida on January 1, 2012.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:*
Counsel of record