UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60447-Civ-SCOLA

OCEAN VIEW TOWERS ASSOCIATION, INC.

    Plaintiff,

v.

QBE INSURANCE CORPORATION,

    Defendant.

_____/

### OMNIBUS ORDER

On January 3, 2012, the day trial was set to begin in this case, the Court heard argument on several matters and issued its rulings. Thereafter, a jury was selected and the case was adjourned for the remainder of the day. This Omnibus Order follows. Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

Motions in Limine

1.     Plaintiff's First (Agreed) Motion *in Limine* [ECF No. 34]: Ocean View sought to preclude evidence pertaining to the fact that its attorneys are from out of town. QBE stated that it does not intend to introduce such evidence. Therefore, as stated in open court, this Motion *in Limine* is **DENIED AS MOOT** in light of the parties' agreement.

2.     Plaintiff's Second (Agreed) Motion *in Limine* [ECF No. 35]: Ocean View sought to preclude evidence as to the burden of proving damage from excluded causes of loss under the insurance contract. QBE argued that this is not a proper *in limine* motion and that the relative burdens of proof are matters for the Court to instruct the jury upon. Thereafter, in open court, Ocean View voluntarily withdrew its motion. Therefore, in light of the withdrawal, this Motion *in Limine* is **DENIED AS MOOT**.

3.     Defendant's Motion *in Limine* to Preclude Evidence of, or References to, Claims Handling Practices [ECF No. 36]:  QBE sought to exclude evidence pertaining to its (or its agent's) claims handling practices, due to lack of relevance under Federal Rule of Evidence 402 and for potential prejudice under Federal Rule of Evidence 403.  According to QBE, such evidence would be relevant only to a bad-faith insurance claim, which this case does not present. Where, as here, the only claim is for breach of the insurance contract, QBE argued that claims handling evidence is without relevance and would only prejudice the jury.  As stated in open court, this Motion *in Limine* is **GRANTED**, subject to revisitation during the course of trial. Should Ocean View's counsel seek to raise this matter during the trial, counsel shall not do so in front of the jury; instead, counsel shall request conference at sidebar.

4.     Defendant's Motion *in Limine* to Preclude Evidence of, and References to, Other Claims Against QBE, Including Affirmative Defenses Used by QBE in Other Lawsuits [ECF No. 37]:  QBE asked the Court to bar all evidence pertaining to other claims or lawsuits against it on the basis of Federal Rules of Evidence 402 and 403.  According to QBE, evidence of prior lawsuits and claims involving QBE would be unrelated to the instant litigation and would present a substantial risk of prejudicing the jury.  As QBE points out, this case involves claims by Ocean View pertaining to *its property* and *its claims* for coverage.  Therefore, evidence of other claims and lawsuits against the insurer in unrelated matters likely will not assist the jury in determining whether, in this case, QBE is liable for breach of contract.  QBE conceded, however, that it may be appropriate to allow questioning of experts regarding (a) their prior retention by, and experience with, the insurer; (b) their financial remuneration arrangements with the insurer; and (c) the number of hurricane claims for which they were retained by the insurer.  Both QBE and Ocean View agree that this is a reasonable limitation. Therefore, as stated in open court, this Motion *in Limine* is **GRANTED IN PART**.  Evidence of other claims or lawsuits shall not be admitted into evidence, except to the extent necessary to question and impeach expert witnesses as set forth above.

5.     Defendant's Motion *in Limine* to Preclude Testimony and Evidence Regarding "Matching" or "Uniformity" [ECF No. 38]:  QBE sought to preclude evidence regarding the need for the replacement of undamaged property to ensure "matching" or "uniformity" in appearance.  In the Order on Cross Motions for Summary Judgment [ECF No. 66], the Court ruled that the insurance policy does not require QBE to cover "matching," except as consistent

with its practice of matching a continuous run of materials such as siding, roofing, paint, wallpaper, and carpeting. Because the Court found the insurance policy does not cover "matching," there is no occasion for Ocean View to offer such evidence at trial. Therefore, as stated in open court, this Motion *in Limine* is **DENIED AS MOOT**.

### QBE's Motion for Leave to Supplement the Joint Pretrial Stipulation

On January 2, 2012, QBE filed a Motion [ECF No. 82] seeking leave to supplement the Joint Pretrial Stipulation to include certain deposition designations of Stephen End, a representative of the public adjusting company retained by Ocean View to assist with its supplemental Hurricane Wilma claim. Due to travel and work commitments in California and Texas, QBE is uncertain that Mr. End will be in Florida and available for testimony during the trial period. In the event he is not available, QBE requested permission to offer into the record various deposition designations as to Mr. End. Ocean View stated in open court that it has no opposition to this approach, provided it is given the opportunity to offer appropriate counter-designations. In light of this agreement and as stated in open court, this Motion is **GRANTED**.

### Ocean View's *Pro Hac Vice* Motion

On January 3, 2012, Ocean View filed a Motion [ECF No. 84] to obtain *pro hac vice* admission for Michael W. Duffy, Esq. As stated in open court, this Motion is **GRANTED**. The Clerk is directed to provide notices of electronic filings in this case to Mr. Duffy at mduffy@childresslawyers.com.

### QBE's *Ore Tenus* Motion to Strike Expert Testimony or, Alternatively, for Continuance

On the morning of trial, January 3, 2012, QBE raised an *ore tenus* motion in open court to exclude certain opinions and testimony by Ocean View's expert. According to counsel for QBE, Ocean View has attempted to amend the expert's hurricane damage calculations outside the time permitted by the Rules of Procedure. Accordingly, QBE argued prejudice and sought to strike the expert's opinions. In response, Ocean View maintained that the changes were to conform to the Court's Summary Judgment Order; to eliminate certain claimed damages that Ocean View has decided not to seek; to substitute RCV for ACV as to certain replacements that were done; and to eliminate approximately $86,000 pertaining to roof repairs for which QBE already tendered payment. In other words, according to Ocean View, the expert's changes –

which resulted in a damages calculation that is *more than $1.7 million less* than the expert's prior calculation – were simply to extract out the items for which Ocean View may not recover. In reply, QBE insisted that these changes appeared more substantive, but emphasized that there was no way it could possibly know at this late stage for certain. Consequently, according to QBE, striking the expert's opinions and testimony would be the appropriate thing to do in order to prevent any prejudice to the defense. At the Court's inquiry, counsel for QBE alternatively requested a continuance of the trial to allow time to depose the expert on the changes to his calculations. As stated in open court, both the request to strike and for a continuance are **DENIED**. However, the Court has granted QBE permission to depose the expert on the afternoon of January 3, 2012, with the option to renew its request for a continuance (to the extent necessary in light of what unfolds during the deposition) before the beginning of opening statements on January 4, 2012.

**DONE and ORDERED** in chambers at Miami, Florida on January 3, 2012.

_____
ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Designated U.S. Magistrate Judge
Counsel of record