UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60447-Civ-SCOLA

OCEAN VIEW TOWERS
ASSOCIATION, INC.,

    Plaintiff,

vs.

QBE INSURANCE CORP.,

    Defendant.
_____/

### ORDER ON MOTION FOR NEW TRIAL

THIS MATTER is before the Court following the jury verdict [ECF No. 103] in favor of Defendant QBE Insurance Corporation ("QBE"). Plaintiff Ocean View Towers Association, Inc. ("Ocean View") has moved [ECF No. 108] for a new trial pursuant to Federal Rule of Civil Procedure 59(a). As explained below, this Motion is denied.

### Introduction

This breach of contract case was tried to a jury beginning on January 3, 2012. On January 10, 2012, the parties rested and, that same day, the jury returned a verdict in favor of QBE, finding no breach of contract. The Court entered a final judgment upon the verdict on January 11, 2012 and the case was closed at that time.

On February 6, 2012, Ocean View filed the instant Motion for New Trial. Ocean View seeks a new trial on five grounds. It argues: (1) the jury's determination that QBE did not breach the insurance contract is against the great weight of the evidence; (2) the Court erred by instructing the jury that the Plaintiff was required to prove the Defendant failed or refused to perform a duty under the contract without *justifiable* excuse, instead of without *legal* excuse, in order to prevail on its breach of contract claim; (3) the Court erred in refusing to give to the jury Ocean View's proposed instruction on QBE's duties under the insurance contract; (4) the Court erred in using QBE's, instead of Ocean View's, verdict form; and (5) the Court erred in denying a mistrial for QBE's remarks in closing argument that Ocean View's counsel worked on a contingency fee basis.

## Legal Standards

Federal Rule of Civil Procedure 59(a) governs motions for new trial. "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Flexiteek Americas, Inc. v. PlasTEAK, Inc.*, 2009 WL 2957310, at *3 (S.D. Fla. Sept. 15, 2009) (quoting *Del Rio Dist. v. Adolph Coors Co.*, 589 F.2d 176, 179 n. 3 (5th Cir. 1979)). Here, Ocean View seeks a new trial based on weight of the evidence, alleged errors in the jury instructions and verdict form, and for denial of a mistrial for improper closing argument.

### A. Weight Of The Evidence

A motion for new trial directed to the sufficiency and weight of the evidence imposes on the movant a very high burden and is concomitantly subjected to very high scrutiny by the Court. *See Redd v. City of Phenix City, Ala.*, 934 F.2d 1211, 1215 (11th Cir. 1991); *see also Ramirez v. E.I. Dupont De Nemours & Co.*, 2011 WL 6156839, at *2 (11th Cir. 2011). The Eleventh Circuit has said that "new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence." *See Myers v. TooJay's Mgmt. Corp.*, 640 F.3d 1278, 1287 (11th Cir. 2011) (citation omitted). Where "the record provides some support for the jury's decision, the verdict is not against the great weight of the evidence," and the district court will not abuse its discretion by denying the motion. *See Quick v. City of Birmingham*, 346 F. App'x 494, 496 (11th Cir. 2009). "[T]he district judge should not substitute his own credibility choices and inferences for the reasonable credibility choices and inferences made by the jury." *Rosenfield v. Wellington Leisure Prods., Inc.*, 827 F.2d 1493, 1498 (11th Cir. 1987). To do so would, in effect, deprive the litigants of their right to trial by jury. *See id.*

### B. Jury Instructions and Verdict Form

A motion for new trial premised on erroneous jury instructions is properly granted only where there is "substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *See Johnson v. Barnes & Noble Booksellers, Inc.*, 437 F.3d 1112, 1115 (11th Cir. 2006) (citation omitted). The key inquiry is "whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not misled." *Johnston v. Companion Prop. & Cas. Ins. Co.*, 318 F. App'x 861, 864 (11th Cir. 2009). "If jury instructions accurately reflect the law, the trial judge is given wide discretion as to the

style and wording employed in the instruction." *See Johnson*, 437 F.3d at 1115. It is not appropriate to "nitpick the instructions for minor defects." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1283 (11th Cir. 2008). The Court commits no reversible error as long as "the jury charge as a whole correctly instructs the jury, even if it is technically imperfect[.]" *See id.* (citation omitted). The Court also has wide discretion in framing the wording and styling of the verdict form. *See Kearney v. Auto-Owners Ins. Co.*, 422 F. App'x 812, 817 (11th Cir. 2011); *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1330 (11th Cir. 1999). Jury instructions and verdict forms are considered together, rather than separately, in assessing whether a new trial is warranted. *See id.*

### C. Closing Arguments

A new trial is seldom warranted because of counsel's remarks during closing argument. Indeed, the Eleventh Circuit has clearly expressed a "reluctan[ce] to set aside a jury verdict because of an argument made by counsel during closing arguments." *See Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1214 (11th Cir. 1993). "A district court has wide discretion to regulate the scope of counsel's arguments." *Danow v. Borack*, 346 F. App'x 409, 410 (11th Cir. 2009); *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1282 (11th Cir. 2008). "Statements made in oral arguments must be plainly unwarranted and clearly injurious to constitute reversible error." *Peterson v. Willie*, 81 F.3d 1033, 1036 (11th Cir. 1996). "[A]bsent an abuse of discretion, the decision of the trial court, which has had the opportunity to hear the offensive remarks within the context of the argument and to view their effect on the jury, should not be disturbed." *Allstate Ins.Co. v. James*, 845 F.2d 315, 318 (11th Cir. 1988). The Court must consider the allegedly improper argument in context, along with any objection raised and curative instruction given, "to determine whether the remarks were such as to impair gravely the calm and dispassionate consideration of the case by the jury." *Id.* at 318-19 (citations omitted).

## Analysis

### A. The Great Weight of the Evidence

Contrary to Ocean View's argument, the great weight of the evidence supports the jury's verdict in favor of QBE. Indeed, there was ample evidence from which the jury could have concluded that Ocean View was fully compensated for its losses and that no breach had occurred. *See, e.g.*, Tr. Trans. [ECF No. 94] at 21-22, 24-25, 28, 30, 45, 50-51, 55, 125, 130, 133-34, 143-44, 248-49. Moreover, Ocean View had the burden to establish the elements of its claim and its principal expert, Paul Norcia, offered utterly incredible testimony concerning the amount QBE

should have paid for Ocean View's loss. His varying estimates were all over the map, and he admitted on cross that he would say anything his client asked of him because "[t]hat's how I get paid." *See id.* at 161. This testimony was so bad that it prompted the Court to remark, outside the jury's presence, that "I have been a Judge for a long time and I have heard a lot of witnesses and I must say that . . . Mr. Norcia has to rate in the top [as] one of the worst witnesses as an expert I have ever heard." *See id.* at 254.

Apparently the jury agreed. The jurors were entitled to discredit Mr. Norcia's testimony, and the fact that they did so can hardly be a surprise. It certainly does not warrant a new trial. "Where conflicting testimony is presented and the jury is called upon to make credibility determinations and to weigh the evidence, we will uphold the verdict as long as there is some support for the jury's decision." *Quick*, 346 F. App'x at 495; *see also Rosenfield*, 827 F.2d at 1498. This Court is not at liberty to substitute its judgment for that of the jury, for "[w]hen there is some support for a jury's verdict, it is irrelevant what [the Court] would have concluded." *See Redd*, 934 F.2d at 1215. As the evidence and testimony support the jury's finding, a new trial is foreclosed. *See Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1417 (11th Cir. 2011); *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1248 (11th Cir. 2001).

### B. The Jury Instructions

Ocean View is not entitled to a new trial on account of how the jury was instructed.

#### 1. The "Justifiable Excuse" Instruction

As to whether it was appropriate to use the "justifiable excuse" language, the Court notes that this very instruction has been employed in similar cases in this District. *See, e.g.*, *Royal Bahamian Ass'n v. QBE Ins. Corp.*, Case No. 10cv21511 [ECF No. 192 at 7]; *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, Case No. 07cv22988 [ECF No. 338 at 8]. In addition, while Ocean View cites a single case in which "legal excuse" was used, this may be a distinction without a difference. In order for an excuse to be "justifiable" in the sense of precluding a finding of breach, the excuse must be one recognized under law – which is to say, it must be a "legal" excuse. Thus, the Court concludes that as a whole, this instruction properly apprised the jury regarding what it must find as to the issue in question. *See Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc.*, 356 F. App'x 221, 227 (11th Cir. 2009) ("If the instructions as a whole properly express the law, there is no error even if an 'isolated clause may be inaccurate, ambiguous, incomplete or otherwise subject to criticism.'"). As explained above, the Court "is given wide discretion as to the style and wording employed in the instruction,"

*see Johnson*, 437 F.3d at 1115, and it is not appropriate to "nitpick the instructions for minor defects," *see Morgan*, 551 F.3d at 1283 – which is exactly what Ocean View attempts here.

Moreover, even if the instruction was incorrect, the Court finds that Ocean View invited the error. Ocean View and QBE jointly filed proposed jury instructions ahead of trial, including the instruction at issue here. *See* Jt. Prop. Instr. [ECF No. 68] at 13; [ECF No. 95] at 8. By submitting a proposed and agreed upon instruction that contained the "justifiable excuse" language, Ocean View invited the very error of which it now complains. *See United States v. Ross*, 131 F.3d 970, 988 (11th Cir. 1997) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.") (citation omitted); *see also Farley*, 197 F.3d at 1331.

Ocean View contends that it changed its mind by submitting to the Court, just ten hours before the charge conference, a new proposed instruction containing an objection to the "justifiable excuse" language. During the conference, however, counsel did not object to the instruction as an incorrect statement of the law. Instead, it argued that the language should be removed because there was not "any evidence in terms of any justifiable legal excuse for QBE failing to perform under the contract[.]" *See* Tr. Trans. [ECF No. 98] at 271-72. And, when the Court asked whether the instruction as originally proposed corresponds to the definition of a breach, QBE responded:

> Yes, Your Honor, and I can cite to you three separate cases where this exact language came from. And I might add that this was their proposed instruction initially. They just changed it last night, that they want to take [the "justifiable excuse" language] out.

*See id.* at 272. Significantly, Ocean View did not object to QBE's statements above and did not argue that this was legally incorrect. Instead, Ocean View sat in silence. Under such circumstances, Ocean View's eleventh-hour objection was not sufficiently directed to the issue of which it now complains; and, as such, its argument fails. *See Wood v. President and Trustees of Spring Hill College in City of Mobile*, 78 F.2d 1214, 1222 (11th Cir. 1992) ("A reviewing court need only consider whether a challenged instruction was sufficient as to the grounds 'distinctly stated by the appellant in the District Court.' An objection unaccompanied by a specific statement as to the grounds for the objection will not suffice to preserve the issue for appeal.") (citation omitted); *see also Judd v. Rodman*, 105 F.3d 1339, 1342 (11th Cir. 1997) ("an objection on specific grounds does not preserve the error for purposes of appeal on other grounds").

Accordingly, Ocean View waived its argument that the instruction was legally incorrect.[1] *See Warner v. Columbia/JFK Med.Ctr., LLP*, 305 F. App'x 610, 612 (11th Cir. 2008) (party waived argument that instruction was erroneous where "[he] did not explain the grounds for his objection and his argument at the charge conference failed to put the court on notice of the grounds or to give the court an opportunity to correct any error"). Further, it appears that Ocean View may have further waived its objection, insufficient as it was, when moments later in the charge conference (*see* Tr. Trans. [ECF No. 98] at 276-77) it described the challenged instruction as "the one we just agreed to[.]" *See Ford ex rel. Estate of Ford v. Garcia*, 289 F.3d 1283, 1294 (11th Cir. 2002) ("where a party . . . responds to the court's proposal with the words 'the instruction is acceptable to us,' this constitutes invited error.")

In sum, Ocean View invited any arguable error and any objection it had was insufficiently lodged and/or waived. *See BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1150-51 (11th Cir. 2007); *Copley v. BAX Global, Inc.*, 97 F. Supp. 2d 1164, 1169-71 (S.D. Fla. 2000). On these facts, Ocean View is not entitled to a new trial.

### 2. Ocean View's Proposed Instruction on QBE's Duties

Likewise, a new trial is not required by the Court's refusal to give a proposed instruction on QBE's duties under the contract. "In considering the failure of a district court to give a requested instruction, the omission is error only if the requested instruction is correct, not adequately covered by the charge given, and involves a point so important that failure to give the instruction seriously impaired the party's ability to present an effective case." *Wood*, 978 F.2d at 1222; *see also Geico Cas. Co. v. Arce*, 333 F. App'x 396, 398 (11th Cir. 2009). Here, Ocean View cites no authority demonstrating that this instruction was a correct, and necessary, statement of the law. Nor has Ocean View shown that the Court's failure to give the requested instruction "seriously impaired [Ocean View's] ability to present an effective case." *See Wood*, 978 F.2d at 1222. As such, a new trial is not warranted here.

### C. The Verdict Form

Ocean View is not entitled to a new trial on account of the verdict form either. Although Ocean View initially objected to the verdict form proposed by QBE, the record reflects that Ocean View later agreed to its use by stating, after discussion, "That is appropriate."

---

[1] Even if given the benefit of "plain error" error review, Ocean View's argument fails. In this Circuit, "reversal for plain error in the jury instructions or verdict form will occur only in *exceptional cases* where the error is so fundamental as to result in a miscarriage of justice." *See Farley*, 197 F.3d at 1329 (citations omitted; emphasis original). This is not such a case.

*See* Tr. Trans. [ECF No. 98] at 315-16.  Indeed, Ocean View concedes in its reply papers that even though it objected to the use of QBE's verdict form initially, after the Court made certain revisions to accommodate Ocean View's concerns, "Ocean View agreed to these revisions[.]" Reply at 12.  Therefore, Ocean View waived, or withdrew, any objection to the verdict form as given.  *See Ford*, 289 F.3d at 1294 ("where a party . . . responds to the court's proposal with the words 'the instruction is acceptable to us,' this constitutes invited error."); *Slip-N-Slide Records, Inc. v. TVT Records, LLC*, 2007 WL 3232274, at *32-33 (S.D. Fla. Oct. 31, 2007) (party's attack on verdict form barred by invited error doctrine where party responded to the Court, despite an earlier objection, that "I have no problem with that," and "That would be appropriate").  In any event, the Court does not agree that the verdict form and instructions contradict one another.  Rather, the verdict form was consistent with the Court's instructions and prior rulings.

### D. Closing Arguments

A new trial is not warranted on account of the Court's refusal to declare a mistrial after QBE's counsel stated in closing that Ocean View's attorneys were working on a contingency basis.  Ocean View contemporaneously objected to the argument and requested sidebar, which the Court permitted.  As sidebar, the Court determined that this was an improper line of argument and decided it was appropriate to give a curative instruction, as follows:

> Members of the jury, I'm going to instruct you to disregard the last comment about any fees and you will see later on when I read you the jury instructions that whether or not there is any issue of attorneys' fees for the lawyers is not for you to consider and it is something I may consider later based upon your verdict, but your verdict has to be based solely on the evidence relating to whether there was a breach of the policy; and if so, what the amount of damages were, not having . . . to do with anything relating to attorneys' fees or any arrangements for attorneys' fees.

Tr. Trans. [ECF No. 104] at 22.  Ocean View did not object to this instruction, nor request an additional instruction.

After considering the "contingency fee" remarks in context, along with the curative instruction given, the Court concludes that the remarks did not "impair gravely the calm and dispassionate consideration of the case by the jury." *See Allstate*, 845 F.2d at 318-19 (citations omitted).  "As an initial matter, these comments were insignificant in light of the evidence presented." *Danow*, 346 F. App'x at 412.  Moreover, the Court gave a satisfactory curative instruction.  "A curative instruction purges the taint of a prejudicial remark because a jury is presumed to follow jury instructions." *United States v. Simon*, 964 F.2d 1082, 1087 (11th Cir. 1992).

The situation here presented is not at all like *O'Rear v. Fruhaul Corporation*, 554 F.2d 1304, 1309 (5th Cir. 1977), upon which Ocean View principally relies. There, unlike here, the court was faced with "defense counsel's repeated reference to a parallel state court proceeding, in deliberate disobedience of the trial court's order forbidding such reference, coupled with the judge's refusal to permit plaintiff's counsel to respond to these references in final argument[.]" *Id.* at 1306. This case, by contrast, does not involve the "repeated exposure of a jury to prejudicial information," beyond what a curative instruction could fairly be expected to remedy. *Id.* at 1309. There was no prior mention of Ocean View's counsel working on a contingency fee basis, and the Court's curative instruction was sufficient to set the jury straight. The Court also repeatedly instructed the jury that attorney argument is not evidence upon which it may base a verdict. *See* Tr. Trans. [ECF No. 101] at 2; [ECF No. 85] at 130, 134; [ECF No. 104] at 22, 54. Again, juries are presumed to follow their instructions. *See Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 898 (11th Cir. 2011). Ocean View has not shown otherwise and, accordingly, is not entitled to a new trial.

## CONCLUSION

As explained above, the matters about which Ocean View complains do not warrant a new trial in this case. Accordingly, it is hereby **ORDERED and ADJUDGED** that Ocean View's Motion for New Trial [ECF No. 108] is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida on March 15, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of record